RICHARDSON DRUG COMPANY ET AL. V. RAYMOND BROS.
& COMPANY.

FILED OCTOBER 18, 1899.   No. 8,983.

Conditional Sale of Merchandise: FUTURE PURCHASES.  The contract
of conditional sale of merchandise involved herein construed,
and *held* not to authorize the vendees to purchase new goods on
the credit of the vendors.  *Richardson Drug Co. v. Plummer*, 56
Nebr., 523, followed.

ERROR from the district court of Lancaster county.
Tried below before TIBBETS, J.  *Reversed.*

*John P. Maule*, for plaintiffs in error.

*George E. Hibner*, contra.

NORVAL, J.

An action was brought in the court below by Raymond
Bros. & Co. against the Richardson Drug Company and
the Lincoln Paint & Color Company, Thomas L. Teasdall,
and Alice M. Teasdall to recover the purchase price of
certain goods and merchandise sold by the plaintiffs to
Thomas L. Teasdall.  A dismissal was entered as to the
Teasdalls, and a trial to the court terminated in a judg-
ment against the other defendants in the sum of $217.96,
who have prosecuted this error proceeding.

The defendants, against whom a recovery was had in
the court below, being the owners of a stock of drugs in
the city of Lincoln, on January 27, 1892, sold the same
conditionally to the Teasdalls, the parties at the time
entering into a written contract, a copy of which is set
out in the opinion in *Richardson Drug Co. v. Teasdall*, 59
Nebr., 150, filed herewith.  The Teasdalls took posses-
sion of the goods under said contract and the business
was thereafter carried on in the name of said Thomas L.
Teasdall, by whom the goods in controversy herein were
purchased.  The trial court found that the Teasdalls, in

making such purchase, were the agents of the Richardson Drug Company and the Lincoln Paint & Color Company, and that the goods were obtained for their benefit. This finding is now assailed. Aside from the written contract already mentioned, there is not a scintilla of evidence to sustain the finding. This instrument has at least three times been construed by this court as being a contract for the conditional sale of merchandise. See *Richardson Drug Co. v. Teasdall*, 52 Nebr., 698; *Richardson Drug Co. v. Plummer*, 56 Nebr., 523; *Richardson Drug Co. v. Teasdall*, 59 Nebr., 150, herewith decided. The case under consideration is parallel with *Richardson Drug Co. v. Plummer*, 56 Nebr., 523. In that case it was sought to recover from the Richardson Drug Company and the Lincoln Paint & Color Company the purchase price of goods sold the Teasdalls, under circumstances like these disclosed by the present record. The plaintiffs relied upon the contract of conditional sale to establish that the Teasdalls were the agents of the defendants. This court, in an opinion by SULLIVAN, J., held that said contract of conditional sale did not authorize the vendees to purchase new goods on the credit of the vendors, and that there was no basis for the judgment rendered against the latter. With the conclusion then reached we are content. The judgment of the district court herein is

REVERSED.